LJC
FILED
MAR 0 7 2017
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY  DEP CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-65-1D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| PAUL ERIC NADERMAN ) | |
| ) | |

The United States Attorney charges:

Beginning in or about 2009, the exact date being unknown, and continuing up to and including on or about December 3, 2014, in the Eastern District of North Carolina, and elsewhere, PAUL ERIC NADERMAN, the defendant herein, did knowingly and intentionally, combine, conspire, confederate, agree and have a tacit understanding with others persons, known and unknown, to knowingly and intentionally manufacture, distribute, dispense and possess with the intent to distribute anabolic steroids, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Quantity of Controlled Substance Involved in the Conspiracy

With respect to PAUL ERIC NADERMAN, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to

1

him is a quantity of anabolic steroids, in violation of Title 21, United States Code, Section 841(b)(1)(E).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE NOTICE

The defendant is given notice of the provisions of 21 United States Code, Section 853, that all of their interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses in the Information, the defendant shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in the Information and any property, real or personal, involved in such offenses, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission a defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

2

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

JOHN STUART BRUCE
United States Attorney

BY: LAWRENCE J. CAMERON
Assistant United States Attorney